```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

MAGERICK LLC,                )
                             )
        Plaintiff,           )
                             )
        v.                   )    C.A. No. 24-12504-PBS
                             )
LOUIS A. PICCONE and ELENA   )
PICCONE,                     )
                             )
        Defendants.          )

**ORDER**

**January 21, 2025**

Saris, D.J.

Louis A. Piccone ("Piccone") has filed a Notice of Removal in which he purportedly removes Magerick, LLC v. Piccone, 23SM004025 (Land Ct., Mass.) to this Court. In this action, Magerick, LLC sought a declaration that Piccone and Elana Piccone ("Elana") are not entitled to the protections of the Servicemembers Civil Relief Act, 50 U.S.C. § 1, et seq.,[1] ("SCRA").

According to the electronic docket of Land Court, which is available to the public through www.masscourts.org and of which

---

[1] SCRA provides, inter alia, certain protections against foreclosure sales of property owned by a servicemember during, or within one year after, the servicemember's military service. 50 U.S.C. § 3953(c). Magerick's action in Land Court was for the purpose of determining Piccone's and Elena's military status.

the Court may take judicial notice,[2] judgment entered in favor of Magerick on December 12, 2023. The only entry on the docket since that date is a September 18, 2024 notice that papers Piccone unsuccessfully sought to file were returned to him.

The removal statutes refer to the removal of <u>pending</u> cases. <u>See, e.g.</u>, 28 U.S.C. § 1441(a) (providing for removal to the district court of the United States for the district and division embracing the place "where such action is pending"); 28 U.S.C. § 1443 (same); 28 U.S.C. § 1446(a) (same); 28 U.S.C. § 1455(a) (same). Here, the state court action Piccone seeks to remove is no longer "pending," and therefore cannot be removed to a federal district court. <u>See, e.g.</u>, <u>Aurora Loan Servs., LLC v. Allen</u>, 652 Fed. App'x 625, 628 (11th Cir. 2019) (holding that, where a final judgment had entered in a state foreclosure action, "there was no state-court action pending at the time to remove," and collecting cases); <u>Four Keys Leasing & Maint. Corp. v. Simithis</u>, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is

---

[2] <u>See</u> <u>Wiener v. MIB Group, Inc.</u>, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting <u>Law Offices of David Efron v. Matthews & Fullmer Law Firm</u>, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

2

subject to a final judgment to remove that final judgment to the federal courts for further litigation.").

Although summary remand is ordinarily required under the applicable statute, the posture of this case is such that there is no court to which it may be remanded.  Therefore, dismissal is appropriate.

Accordingly, this action is <u>DISMISSED</u>.

SO ORDERED.

                                         /s/ Patti B. Saris
                                         PATTI B. SARIS
                                         UNITED STATES DISTRICT JUDGE